(89 South. 863)

### SMITH v. STATE. (4 Div. 705.)

(Court of Appeals of Alabama. June 30, 1921. Rehearing Denied July 19, 1921.)

1. Criminal law ⊕531(3)—Evidence held to constitute a proper predicate for admission of a confession.

Where it was shown that the only one present with accused was a witness who made no threats, nor offered any inducement or reward, nor told him it would be better for him to make any statement, proper predicate was laid for the admission of a confession.

2. Criminal Law ⊕400(9) — Parol evidence as to existence of memorandum held admissible.

Where witness testified that she knew the age of a person because her son had a child die the same year the person in question was born, and that her son wrote the date of the death on a piece of paper, which was not offered in evidence, the testimony was admissible without accounting for the paper, since it was as to the fact of making the writing, and not as to the contents thereof.

3. Criminal law ⊕1170(1)—Exclusion of evidence as to how much property husband of witness left her and whether she had any at time of trial harmless.

The exclusion of evidence as to how much property a witness' husband had left her, and whether she had any property at time of trial, was not prejudicial error; the matter being immaterial.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bud Smith was convicted of carnally knowing, or injuring in an attempt to carnally know, a girl under 16 years of age, and he appeals. Affirmed.

W. S. Huey, of Enterprise, and Sollie & Sollie, of Ozark, for appellant.

Counsel discuss the various assignments of error, but without citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was convicted under an indictment which charges that he did carnally know, or abuse in the attempt to carnally know, a girl over the age of 12 years and under the age of 16 years, and was sentenced to the penitentiary for a term of five years.

[1] The proper predicate was laid for the confession of the defendant to the witness Mrs. Jodie Smith. So far as the record discloses, only the witness and defendant were present when the statement was made by the defendant, and the witness stated that she made no threats nor offered any inducement or reward to him, or told him it would be better for him to make any statement.

[2] The witness Elizabeth Brunson testified as to the age of the girl, and stated that the reason she remembered the date of birth so well was that the same year her son had a child die, and he set this date down on a strip of paper. No objection was made to the question that elicited this answer, and this would be sufficient to uphold the ruling

of the court in refusing to grant the motion to exclude the answer, but it nowhere appears that the slip of paper referred to was offered in evidence, or that the witness was testifying to the contents of the paper, without accounting for it. The testimony was as to the fact of making the writing on the slip of paper, rather than the contents thereof.

[3] In refusing to permit the defendant's witness Rena Godwin to testify, over objection, "What property was left her by her husband?" and as to whether she had any property now, the court committed no prejudicial error. We fail to see how these facts could have been material to any issue in the case.

We have given careful consideration to the entire record in this case and find no reversible error.

The judgment of the circuit court is therefore affirmed.

Affirmed.